**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| IRON HORSE CREDIT LLC,<br>a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>SHOCK GROUP TRUST<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## COMPLAINT

Plaintiff Iron Horse Credit LLC ("Iron Horse") files this Complaint for Breach of Guaranty against Defendant Shock Group Trust ("Defendant") and alleges as follows.

## PARTIES

1.      Plaintiff Iron Horse is a limited liability company organized under the laws of Delaware.  Plaintiff's principal place of business is located in Jacksonville, Florida.  Plaintiff's sole member is Iron Horse Credit Holding Company, LLC.  Iron Horse Credit Holding Company, LLC is a Delaware limited liability company whose members are (i) Jets HC, LLC, a Delaware limited liability company; (ii) Sharmila Ruda-Amico, an individual who is a resident and citizen of the State of New York; (iii) Dolphins HC, LLC, a Delaware limited liability company; and (iv) management ownership comprised of individuals who are residents and citizens of the States of New York and Florida.  Jets HC, LLC and Dolphins HC, LLC have the same two members, Anish Shah and Scott Tanguay, both of whom reside in and are citizens of the State of Florida.  Therefore,

the citizenship of Plaintiff for purposes of establishing diversity of citizenship is New York and Florida.

2. Defendant is a trust formed under the laws of Arizona. Defendant's principal place of business is located in Phoenix, AZ. Defendant's sole trustee is Michael Standlee. Upon information and belief, Mr. Standlee maintains his permanent residence in or around Kimberly, Idaho and therefore is a citizen of Idaho for purposes of establishing diversity of citizenship.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because it is a civil action between citizens of various States within the United States, and the amount in controversy exceeds $75,000, exclusive of interest and costs. More specifically, Plaintiff is a citizen of the states of New York and Florida, and Defendant is a citizen of the state of Arizona.

4. Defendant consented to personal jurisdiction and venue in this Court pursuant to Section 2.7 of the Guaranty (as defined below).

5. Venue is proper in this District under 28 U.S.C. § 1391(b). Pursuant to Section 2.7 of the Guaranty, Defendant consented to venue in this Court.

## FACTS

6. On or about June 30, 2022, Sky Wellness, LLC ("Borrower") and Iron Horse entered into a Credit and Security Agreement (as amended, restated, or otherwise modified from time to time, the "Credit Agreement").

7. On or about June 30, 2022, Defendant executed a Guaranty in favor of Iron Horse in consideration of Iron Horse extending credit to Borrower, pursuant to the Credit Agreement.

8.      A true and correct copy of the Guaranty is attached hereto as **Exhibit A** and incorporated by reference.  A true and correct copy of the Credit Agreement is attached hereto as **Exhibit B** and incorporated by reference.

9.      Defendant is, and was at all relevant times, a member of Borrower.

10.     Pursuant to the Credit Agreement, Iron Horse extended credit to Borrower in the maximum revolver amount of $2,000,000.00.

11.     Borrower defaulted on its obligations under the Credit Agreement by, inter alia, failing to pay interest when due and failing to immediately upon demand repay the Obligations (as defined in the Credit Agreement) in the aggregate amount necessary to cause Availability to be greater than or equal to zero. remit payments to Iron Horse and transferring assets to third parties.

12.     Iron Horse sent a notice of default and a demand for payment to Borrower by letter dated May 2, 2025.  A copy of the letter is attached hereto as **Exhibit C** and incorporated by reference.

13.     Borrower owes not less than $1,705,820.75 to Iron Horse thereunder, exclusive of any interest, fees, costs and expenses accrued but unpaid.  Borrower remains in default.

14.     After Borrower's default, Iron Horse demanded payment from Defendant under the Guaranty letter dated August 25, 2025.  A copy of the letter is attached hereto as **Exhibit D** and incorporated by reference.

15.     Defendant failed to pay Iron Horse.

16.     Pursuant to the Guaranty, Defendant "unconditionally and irrevocably" guaranteed the payment to Iron Horse of the full amount of Borrower's payment obligations to Iron Horse under the Credit Agreement.

17.     The Guaranty is a guaranty of payment and performance and not of collection.

3

18.     Iron Horse may recover its legal fees and expenses incurred in bringing this action.

## COUNT ONE – BREACH OF CONTRACT

19.     Iron Horse realleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

20.     Defendant executed the Guaranty in favor of Iron Horse.

21.     Pursuant to the Credit Agreement, Borrower owes Iron Horse not less than $1,705,820.75, plus accrued and accruing interest, fees and expenses recoverable under the Credit Agreement.

22.     Pursuant to the Guaranty, Iron Horse demanded payment from Defendant on August 25, 2025 per the letter attached hereto as Exhibit D.

23.     Defendant has refused Iron Horse's demands and has failed to pay to Iron Horse any of the amounts demanded.

24.     Iron Horse has performed all of its obligations to Defendant under the Guaranty.

25.     As a proximate result of Defendant's breach of his payment obligations under the Guaranty, Iron Horse has been damaged in an amount not less than $1,705,820.75, plus all accrued and accruing interest, legal fees and expenses.

WHEREFORE, Iron Horse requests entry of judgment in its favor and against Defendant, in an amount not less than $1,705,820.75, plus accrued and accruing interest, legal fees and expenses, and all other amounts recoverable under the Guaranty, and such other relief as is just and equitable.

Dated: September 11, 2025                    BLANK ROME LLP

                                             By: *Lawrence R. Thomas III*
                                             Lawrence R. Thomas III (DE No. 6935)
                                             Jordan L. Williams (DE No. 7128)
                                             1201 N. Market Street, Suite 800

4

Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
lorenzo.thomas@blankrome.com
jordan.williams@blankrome.com

-and-

BLANK ROME LLP
John E. Lucian (*pro hac vice forthcoming*)
One Logan Square, 130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
john.lucian@blankrome.com

*Attorneys for Plaintiff, Iron Horse Credit LLC*